IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER M. BURTON, # B-87915,   ) | |
|                                                 ) | |
|           **Plaintiff,**        ) | |
|                                                 ) | |
| vs.                                              ) | Case No. 14-cv-00427-MJR |
|                                                 ) | |
| HEAD WARDEN ROCKMON,             ) | |
| RANDY VALDEZ, MIKE SANDERS,   ) | |
| and UNKNOWN PARTY,                 ) | |
|                                                 ) | |
|           **Defendants.**      ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

        Plaintiff Christopher Burton, an inmate who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Big Muddy River Correctional Center ("BMR") (Doc. 1). Plaintiff claims that he was transferred from BMR to Stateville and placed in segregation for more than four months, following a disciplinary hearing that BMR officials conducted outside of his presence. In connection with this chain of events, Plaintiff sues four BMR officials, including Warden Rockmon, Randy Valdez, Mike Sanders, and an Unknown Party, for violations of his First, Fourth, Eighth, and Fourteenth Amendment rights (Doc. 1, p. 7). Plaintiff's request for relief is limited to monetary damages (Doc. 1, p. 8).

### Merits Review Under 28 U.S.C. § 1915A

        This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state

1

a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, Plaintiff was issued a disciplinary ticket for possession of contraband following a cell shakedown on August 14, 2013 (Doc. 1, p. 5).  The complaint offers no details about the contraband.  Plaintiff alleges that he received a "shakedown slip" when he returned from commissary.  Following lunch the same day, an internal affairs officer handcuffed Plaintiff and took him to segregation.

On August 15, 2013, Defendant Valdez approached Plaintiff and asked him if he wished to proceed with a disciplinary hearing at that time. Plaintiff declined, stating that he needed time to arrange for witnesses. Plaintiff did not sign his disciplinary ticket or the waiver of his right to twenty-four hours of notice prior to the hearing ("notice waiver").

Nevertheless, Defendants Valdez and Sanders, serving as co-chairs of the adjustment committee, conducted Plaintiff's disciplinary hearing outside of his presence. Plaintiff received a hearing summary on August 18, 2013, which indicated that he had been found guilty of the rule violation. As punishment, Plaintiff was given six months in segregation, a six-month loss of good time credits, and a prison transfer (Doc. 1, p. 6).

Plaintiff alleges that the hearing was conducted outside of his presence after Defendant Valdez, Sanders, or Unknown Party forged his signature on the notice waiver and/or the disciplinary ticket. Plaintiff showed Defendant Rockmon the forged waiver and requested a new hearing. Defendant Rockmon denied Plaintiff's request and affirmed the decision of the adjustment committee.

Plaintiff was later transferred directly into segregation at Stateville, a maximum security facility. There, he suffered from debilitating headaches and nightmares, while awaiting the outcome of his appeal. In a letter dated December 18, 2013, the Illinois Department of Corrections' ("IDOC") Administrative Review Board ("ARB") found that the notice waiver was forged (Doc. 1, p. 7). Plaintiff was released from segregation on December 30, 2013.[1]

Plaintiff now sues Defendants Rockmon, Valdez, Sanders, and Unknown Party for due process violations, retaliation, and cruel and unusual punishment in violation of the First,

---

[1] Plaintiff alludes to "harsh threats" he received at Stateville from inmates who are serving life sentences (Doc. 1, p. 6). The complaint does not allege who made the threats, when the threats were made, or the exact nature of the threats.

3

Fourth, Eighth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 7).

## Discussion

**Count 1 – Fourteenth Amendment Due Process Claim**

After carefully considering the allegations, the Court finds that the complaint states a colorable Fourteenth Amendment procedural due process claim (**Count 1**) against Defendants at this stage. An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Under certain circumstances, however, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law. *See Marion*, 559 F.3d at 697-98. Those circumstances are arguably present in this case.

The complaint alleges that Plaintiff was denied due process in the conduct of his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (to satisfy due process concerns, inmate must be given advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement summarizing the reasons for the discipline imposed); *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994) (disciplinary decision must be supported by "some evidence"). According to the allegations, Defendant Valdez, Sanders, or Unknown Party forged Plaintiff's notice waiver, and then conducted Plaintiff's disciplinary hearing without him or his witnesses. Defendant Rockmon then refused Plaintiff's request for a new hearing. The complaint suggests that the disciplinary hearing violated the requirements for due process set forth in *Wolff*.

In addition, Plaintiff was punished with six months of segregation, a six-month loss of good conduct credit, and a prison transfer.[2] Whether a protected liberty interest is implicated by Plaintiff's confinement depends on whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts must consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

The Seventh Circuit has held that "relatively short terms of segregation rarely give rise to a prisoner's liberty interest" in the absence of exceptionally harsh conditions. *Id.* at 743. For these relatively short periods, inquiry into the specific conditions of confinement is unnecessary. *See, e.g., Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005) (2 days); *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (59 days); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (60 days) *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1998) (holding that no liberty interest was implicated when considering prisoner's twelve-year sentence) (70 days).

A liberty interest may arise from longer terms of confinement, triggering the need for further factual inquiry into the conditions of a prisoner's confinement. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (analyzing conditions of confinement but noting that prisoner's segregation "was still not so long as to work an atypical and significant hardship) (90 days); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (remanding for factual

---

[2] Plaintiff was transferred to Stateville and served 4½ months in segregation before the IDOC affirmed his grievance (Doc. 1, p. 7).

5

inquiry into conditions of prisoner's confinement in disciplinary segregation that lasted six months); *Marion*, 559 F.3d at 698 (holding that the issue of whether 240 days in disciplinary segregation would implicate protected liberty interest could not be decided at pleading stage). In such cases, the Seventh Circuit has instructed district courts to consider the *actual* conditions of confinement, in order to determine whether a liberty interest is implicated. This entails a fact-based inquiry into all of the circumstances of the prisoner's confinement. *Marion*, 559 F.3d at 699 (citing with approval *Palmer v. Richards*, 364 F.3d 60, 65-66 (2d Cir. 2004) (noting that cases involving segregation of less than 30 days may be dismissed without a detailed factual record regarding the conditions, but not 77 days); *Mitchell v. Horn*, 318 F.3d 523, 527 (3d Cir. 2003) (remanding the dismissal of a claim of 90 days' segregation for a fact-based inquiry into conditions consistent with *Sandin*)).

In this case, Plaintiff was placed in segregation for approximately 138 days.[3] Although the complaint provides few details regarding the conditions Plaintiff endured during that time, the Court finds that further factual inquiry into the conditions of Plaintiff's confinement is necessary. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants at this time.

However, the Court notes that no due process claim arises from Plaintiff's transfer to Stateville. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee

---

[3] In calculating the length of Plaintiff's confinement in segregation, the Court assumed Plaintiff was confined continuously from August 14th - December 30, 2013.

placement in a particular prison). Therefore, any due process claim arising from Plaintiff's transfer to Stateville fails and shall be dismissed with prejudice.

Likewise, the complaint states no due process claim based on the loss of Plaintiff's good time credits--at least not in this § 1983 action. A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff could present a cognizable due process claim regarding good time credit that was revoked in the disciplinary proceeding, assuming it has not been restored. However, the proper method for challenging the revocation of good time credit is habeas corpus, only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). Therefore, any due process claim arising from the loss of good conduct credit is dismissed from this action without prejudice.

In summary, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Valdez, Sanders, Rockmon, and Unknown Party.

**Count 2 – Retaliation Claim**

The complaint also states a colorable retaliation claim (**Count 2**) against Defendants Valdez, Sanders, and Unknown Party. According to the allegations, these defendants retaliated against Plaintiff by conducting a disciplinary hearing outside of his presence and without calling his witnesses, based on a forged notice waiver, because he refused to sign it. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the

reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.* The allegations satisfy this standard with respect to Defendants Valdez, Sanders, and Unknown Party. Accordingly, Plaintiff shall be allowed to proceed with Count 2 against them.

However, no retaliation claim has been stated against Defendant Rockmon. "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). The allegations against Defendants Rockmon do not suggest that he denied Plaintiff's request for a second hearing in order to retaliate against Plaintiff. Rather, the allegations suggest that Defendant Rockmon did not give credence to Plaintiff's forgery claim. While the allegations arguably support Plaintiff's due process claim against Defendant Rockmon, they do not support a retaliation claim against him. Accordingly, the retaliation claim against Defendant Rockmon shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

In summary, Plaintiff shall be allowed to proceed with **Count 2** against Defendants Valdez, Sanders, and Unknown Party, but not against Defendant Rockmon.

**Count 3 – Fourth Amendment Claim**

The complaint alludes to the Fourth Amendment but provides no explanation of this claim (**Count 3**). Presumably, Plaintiff invoked the Fourth Amendment based on the search of his cell. However, a prisoner has no expectation of privacy in his prison cell.

> [S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.

*Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Accordingly, Plaintiff has no constitutional claim regarding the cell search.

However, it is not clear whether the cell search or something else prompted this claim because the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court is therefore left to piece together the claim and the conduct giving rise to it, which it is not required to do. Accordingly, **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Count 4 – Eighth Amendment Cruel & Unusual Punishment Claim**

Plaintiff's Eighth Amendment "cruel and unusual punishment" claim (**Count 4**) must be dismissed for the same reasons Count 3 was dismissed. The contours of this claim are not at all clear. Plaintiff refers to the claim as a "cruel and unusual punishment" claim. However, the Court cannot determine whether the claim arises from Plaintiff's medical needs, the conditions of his confinement, or something else. Although the complaint mentions bad headaches, nightmares, and threats, it includes insufficient allegations to put Defendants on notice of any specific Eighth Amendment claim against them. Without more, this claim fails. **Count 4** shall also be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Discovery of Unknown Party**

Plaintiff shall be allowed to proceed with Counts 1 and 2 against Defendant Unknown Party. However, this party must be identified with particularity before service of the complaint can be made on him or her. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to

engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the United States Magistrate Judge shall set guidelines for discovery aimed at identifying this party, so that Plaintiff can amend the complaint to include all references to the defendant.

### Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has filed a motion to appoint counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED**. With regard to Defendant **UNKNOWN PARTY**, however, no service shall be ordered until the defendant is identified in a properly amended complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 3** and **4** are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS WARDEN ROCKMON, RANDY VALDEZ,** and **MIKE SANDERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant Unknown Party until such time as Plaintiff has identified this defendant by name in a properly filed amended complaint, which includes identifying this defendant in the caption and inserting the individual's name, where applicable, throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion to

appoint counsel (Doc. 3) and expedited discovery aimed at identifying Defendant Unknown Party.  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 2, 2014**

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**

12