IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER M. BURTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14−cv−0427−MJR−SCW |
| ) | |
| **ROCKMON,** ) | |
| **RANDY VALDEZ, and** ) | |
| **MIKE SANDERS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pending before the Court is the Defendants' Motion for Sanctions (Doc. 27), which was filed on July 27, 2015. The Court set this Motion for a hearing on August 12, 2015, at which Plaintiff failed to appear. (Doc. 29) The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**, and the case **DISMISSED with prejudice**. (Doc. 27).

### BACKGROUND

Plaintiff filed this suit on April 11, 2014, while he was incarcerated at Stateville Correctional Center. (Doc. 1). The Court entered a Threshold Order on May 2, 2014, which specifically warned Plaintiff that he had a continuing obligation to keep the Court and the parties informed of any change of address. (Doc. 7, p. 12). Plaintiff has never filed a change of address. In order to proceed with discovery, Defendants used the Offender Tracking System to find the last known

1

address for Plaintiff. (Doc. 27-2). Counsel for Defendants represented at the hearing that they had attempted to send written discovery to Plaintiff at that address but received no response. Defendants then noticed up Plaintiff's deposition; Plaintiff failed to appear. (Doc. 27-1)(Doc. 27-2). Defendants then filed the present Motion on July 27, 2015. (Doc. 26). Plaintiff had until August 10, 2015 to file a response, but never did so. Plaintiff did not appear at the hearing.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes dismissal for failure to obey discovery orders, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. **Lucien v. Breweur**, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien, 9 F.3d at 29. Accord James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").** Recently, the Seventh Circuit has clarified that sanctions for failure to prosecute must fit the misconduct, and that dismissal is an inappropriate sanction for a lone error. **Johnson v. Chicago Bd. of Educ., 718 F.3d 731, 733 (7th Cir. 2013)("We have held repeatedly that sanctions should fit the misconduct and in particular that dismissal is not the appropriate response to a litigant's errors (or even misconduct) that do not appear to be serious or repeated.").**

Plaintiff's case should be dismissed for failure to prosecute because he has shown a pattern of serious and repeated errors. This is not the situation in *Johnson* where the plaintiff made a single error by failing to show up at a one routine status conference. Here, Plaintiff has failed to meet his obligations as a litigant and participate in discovery. When Defendants complained of this conduct, Plaintiff failed to respond. Plaintiff has never provided the Court or the parties with a valid address. Attempts to reach him at his last known address have failed. Plaintiff has not participated

2

in discovery or appeared at his deposition. The undersigned therefore finds that dismissal with prejudice is warranted under Federal Rules 37 (b) and 41(b). **See *Lucien*, 9 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

## CONCLUSION

It is therefore **RECOMMENDED** that Defendant's Motion for Dismissal be **GRANTED**, and that Plaintiff's case be **DISMISSED WITH PREJUDICE** for his failure to participate in discovery or diligently prosecute his case. (Doc. 27).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, *e.g.*, *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** **Objections to this Report and Recommendation must be filed on or before August 31, 2015.**

**IT IS SO RECOMMENDED.**

Dated: <u>August 12, 2015</u>                     <u>/s/ *Stephen C. Williams*</u>
                                                                       STEPHEN C. WILLIAMS
                                                                       United States Magistrate Judge